UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                                        :

**SHAKUNTALA DEVI GOPAUL**,

                Plaintiff,

       – against –

**COMMISSIONER OF SOCIAL SECURITY**,

                Defendant.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-CV-5083 (AMD)

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff challenges the Social Security Commissioner's decision that she was not disabled for the purpose of receiving benefits under Titles II and XVI of the Social Security Act. For the reasons explained below, I grant the plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion, and remand the case for further proceedings.

## BACKGROUND

       On January 3, 2018, the plaintiff applied for disabled widow's benefits,[1] alleging disability beginning May 18, 2016, caused by lumbar disc disease status post-surgery, diabetes, hypertension, glaucoma, high cholesterol and stage 3 kidney disease. (Tr. 10, 13, 142-43.) The Social Security Administration ("SSA") denied her claim after initial review on March 16, 2018. (Tr. 62-67.) The plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on May 19, 2018. (Tr. 74-75.) ALJ Sandra M. McKenna held a hearing on April 26, 2019, at which a vocational expert and the plaintiff—who was represented by counsel—testified. (Tr. 27-50.)

---

[1] The Commissioner found that the plaintiff was the unmarried widow of a deceased insured worker, and over 50 years old. Accordingly, she was eligible for disabled widow's benefits under the Social Security Act. (Tr. 12.)

In a June 13, 2019 decision, the ALJ denied the plaintiff's claim for benefits. (Tr. 10-19.) She determined that the prescribed period ended on June 30, 2018,[2] and that the plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 18, 2016. (Tr. 12.) ALJ McKenna found that the plaintiff's glaucoma, high cholesterol and kidney disease were non-severe, and that she had the following severe impairments: lumbar disc disease status post-surgery, diabetes and hypertension. (Tr. 13.) The ALJ determined that none of these impairments or combination of impairments met or equaled the severity of one of the listed impairments in the applicable Social Security regulations. (Tr. 14.) The ALJ concluded that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except she could not "climb ramps and stairs occasionally" or "stoop occasionally," and could "never climb ladders, ropes, or scaffolds."[3] (*Id*.) Finally, the ALJ found that the plaintiff could perform her past relevant work as a front desk receptionist. (Tr. 19.) The Appeals Council denied the plaintiff's application for review on August 20, 2020. (Tr. 1-6.)

## STANDARD OF REVIEW

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "[S]ubstantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as

---

[2] To be eligible for disabled widow's benefits, the plaintiff's disability must have begun before the end of the prescribed period. (*See* Tr. 10.)

[3] Under Social Security regulations, sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,' '[w]here an error of law has been made that might have affected the disposition of the case,'" the court will not defer to the ALJ's determination. *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)). Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

## DISCUSSION

The plaintiff claims that the ALJ's RFC assessment was not supported by substantial evidence. Specifically, the plaintiff argues that "the ALJ failed to consider the limitations [assessed] by [the consultative examiner] and . . . failed to consider the side effects of [the plaintiff's] pain medication." (ECF No. 15-1 at 13.)

The ALJ must assess a plaintiff's RFC "based on all the relevant evidence in the case record." *Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 192 (W.D.N.Y. 2005) (citing 20 C.F.R. § 416.945(a)(1)). The assessment must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Martinez v. Colvin*, 286 F. Supp. 3d 539, 544 (W.D.N.Y. 2017) (internal quotation marks and citation omitted).

Because the plaintiff's claim was filed after March 27, 2017, 20 C.F.R. § 404.1520c governs this case. Pursuant to that rule, the ALJ considers five factors to determine whether a medical opinion is persuasive: (1) supportability; (2) consistency; (3) the source's relationship with the patient; (4) the source's specialty; and (5) "other factors that tend to support or

3

contradict" the opinion. 20 C.F.R. §§ 404.1520c(c)(1)-(c)(5). After considering these factors, the ALJ must articulate "how persuasive she find[s] all of the medical opinions and all of the prior administrative medical findings in [the plaintiff's] case record." *Id.* § 404.1520c(b). The most important factors are supportability and consistency. *Id.* § 404.1520c(b)(2). While the ALJ is not required to explain her consideration of all five factors, she must discuss these two. *Id.*

In June 2016, Dr. Kanwarpaul Grewal performed spine surgery on the plaintiff, and subsequently oversaw her care. (Tr. 15-16, 231-32.) ALJ McKenna cited Dr. Grewal's August 16, 2018 progress notes, which stated that the plaintiff was "limited in bending, twisting and lifting work," had a normal gait, and had "chronic pain syndrome" that was "well controlled." (Tr. 16, 496.) Dr. Grewal advised that the plaintiff not gain weight, that she avoid heavy lifting, that she go on daily walks and that she do sedentary work. (Tr. 497.) The ALJ determined that this "opinion" was persuasive because "it was provided by a treating physician and is generally consistent with the overall evidence." (Tr. 16.)

At a May 2017 follow-up visit, the plaintiff told Dr. Grewal that "[s]itting more than half an hour [was] . . . difficult," and that she had to "change position."[4] (Tr. 353.) The ALJ did not view Dr. Grewal's notes from this visit as a medical opinion, which suggests that ALJ McKenna relied on only "treatment notes that supported [her] RFC determination." *Vellone v. Saul*, No. 20-CV-261, 2021 WL 319354, at *9 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted sub nom. Vellone on behalf of Vellone v. Saul*, No. 20-CV-261, 2021 WL 2801138

---

[4] Dr. Grewal's notes after August 2018 documented that the plaintiff's pain worsened after several falls. (Tr. 498-510.) For example, in his October 2018 notes, he wrote that the plaintiff could not "stand for longer than two minutes" (Tr. 500), and in April 2019, he found, among other abnormalities, "[i]ncreased symptoms," "restriction in range of motion of cervical and lumbar spine" and an abnormal gait. (Tr. 509-10.) The ALJ need not consider these treatment notes on remand because they postdate the end of the prescribed period.

4

(S.D.N.Y. July 6, 2021). On remand, the ALJ should consider all of Dr. Grewal's treatment notes from the relevant time period, or explain why she chooses to rely on some and not others.

The ALJ also considered a February 2018 report by Dr. Lyudmila Trimba, a consultative examiner. Dr. Trimba observed that the plaintiff was "in mild distress," and was "crying and complaining of lower back pain." (Tr. 389.) Though the plaintiff's "[g]ait [was] normal," she could not "walk on heels and toes" and "declined to squat" due to her lower back pain. (*Id.*) Dr. Trimba stated that the plaintiff had "decreased range of motion in the lumbar spine[:]" "extension 0 degrees, flexion 40 degrees, lateral flexion to the left 10 degrees and to the right 10 degrees, and lumbar spine rotation to the right 10 degrees and to the left 10 degrees." (Tr. 390.) While she found that the plaintiff had "[f]ull range of motion of hips, knees, and ankles bilaterally," the plaintiff "complain[ed] of pain" when she moved her hips bilaterally. (*Id.*) Dr. Trimba concluded that the plaintiff had a "mild to moderate limitation in [her] ability to sit for a prolonged time," a "moderate limitation in her ability to stand and walk for a prolonged time," a "moderate limitation [in] her ability to climb steps, push, pull, or carry heavy objects" and "should avoid frequent bending." (Tr. 391.)

ALJ McKenna found Dr. Trimba's opinion to be "persuasive" because the doctor "personally examined the [plaintiff] and provided a detailed report with her clinical findings." (Tr. 18.) The ALJ also found that the opinion was "generally consistent with the overall evidence." (*Id.*)[5]

Based on "a review of the evidence," the ALJ concluded that the plaintiff "has some limitations due to her severe impairments." (Tr. 18.) ALJ McKenna noted that the plaintiff's

---

[5] In March 2018, Dr. L. Marasigan, a medical consultant, concluded that the "[t]otality of evidence supports a light RFC with some postural limitations." (Tr. 393.) The ALJ found that this opinion was not persuasive because "[t]he doctor did not personally examine the [plaintiff] and the doctor's opinion [was] not entirely consistent with the evidence." (Tr. 18.)

5

"medical treatment has been conservative, except for her spinal surgery," that she had been "hospitalized only on rare occasion[s] for her impairments" and that her "medications are not unusual for either type or dosage, and they appear to have been effective and with few adverse side effects." (*Id.*) Moreover, she found that "the record indicates that the [plaintiff] engages in a reasonably broad range of daily living activities," such as cleaning up, making breakfast, driving a car, taking public transportation, going out alone, shopping by phone and computer and spending time with others. (*Id.*) And the ALJ cited the fact that the plaintiff had been working recently.[6] (*Id.*)

The ALJ concluded that the plaintiff could perform sedentary work, except she could not "climb ramps and stairs occasionally" or "stoop occasionally," and could "never climb ladders, ropes, or scaffolds." (Tr. 14.) The plaintiff argues that ALJ McKenna did not take into account Dr. Trimba's opinion that the plaintiff had a mild to moderate limitation in prolonged sitting, even though the ALJ found it persuasive. (*See* ECF No. 15-1 at 13; ECF No. 19 at 2.) The defendant responds that the ALJ's RFC finding incorporated that limitation. In general, sedentary work requires that an individual "remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals." SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996). According to the defendant, "Dr. Trimba's opinion of mild to moderate limitations for prolonged sitting is not inconsistent with sedentary work." (ECF No. 17-1 at 18.) The defendant also cites the plaintiff's statement that her "[l]ower back pain increases in intensity with sitting for more than

---

[6] The plaintiff testified at the April 26, 2019 hearing that she had recently started working part-time as a cashier for up to 20 hours a week. (Tr. 14, 34.) She stated that she stood the whole time, but that she was facing difficulty doing that job. (Tr. 36.)

6

two or three hours."[7] (Tr. 388-89.) However, while the assessed limitations may be consistent with sedentary work, "it does not absolve the ALJ of [her] legal duty to explain why such a limitation . . . was not incorporated into an RFC designating sedentary work." *Mack v. Comm'r of Soc. Sec.*, No. 17-CV-991, 2019 WL 2529386, at *5 (W.D.N.Y. June 19, 2019); *see also Rosario v. Colvin*, No. 14-CV-191, 2016 WL 2342008, at *3 (W.D.N.Y. May 4, 2016) (remanding where doctor found moderate limitations in sitting, and "the ALJ[] fail[ed] to incorporate any limitation regarding prolonged sitting" in his RFC determination that the plaintiff could perform sedentary work).

Nor did the ALJ explain the basis for her finding that the plaintiff could sit for six hours in an eight-hour workday—the required time for sedentary work. In fact, none of the medical professionals specified the length of time that the plaintiff could sit, or whether she would need breaks to stand or lie down. Dr. Trimba's opinion that the plaintiff had a "mild to moderate limitation in [her] ability to sit for a prolonged time" is "too vague an opinion to be useful on this point." *Falk v. Colvin*, No. 15-CV-3863, 2016 WL 4411423, at *6 (S.D.N.Y. Aug. 18, 2016); *see Richardson v. Astrue*, No. 10-CV-9356, 2011 WL 2671557, at *12 (S.D.N.Y. July 8, 2011) (finding that doctor's conclusion that "[plaintiff's] ability to sit was 'mildly to moderately' impaired . . . provides no support for [the ALJ's] conclusion that [plaintiff] could perform sedentary work"), *report and recommendation adopted*, No. 10-CV-9356, 2011 WL 3477523 (S.D.N.Y. Aug. 8, 2011). Dr. Grewal's August 2018 progress notes, which the ALJ construed as a medical opinion, did not address whether the plaintiff could sit for any period of time; he also

---

[7] At the hearing, the plaintiff testified: "I just sit in the house like, maybe like an hour or two, I sit down after that I get restless; I lay down; I get up; I walk." (Tr. 41.) She also stated that she spent most of her time at home lying down. (Tr. 43.)

7

recommended that she "go on daily walks."[8] Accordingly, the ALJ's RFC determination was not supported by substantial evidence. On remand, the ALJ should "procure medical evidence that specifically addresses the number of hours [the plaintiff] could sustain sitting . . . in a workday," and any other information necessary to complete her RFC assessment. *Falk*, 2016 WL 4411423, at *7; *see also*, *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (an ALJ "must . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." (internal quotation marks and citation omitted)).[9]

---

[8] The defendant cites Dr. Marasigan's conclusion that the plaintiff could perform light work with some limitations, and Dr. Grewal's reference to "sedentary work" in his August 2018 notes. (ECF No. 17-1 at 19.) However, "no deference need be given to [a doctor's] conclusion that a claimant has a particular RFC, *e.g.,* that a claimant is limited to performing sedentary work." *Ryan v. Astrue*, 5 F. Supp. 3d 493, 510 (S.D.N.Y. 2014).

[9] The plaintiff also faults the ALJ for "not includ[ing] any limitations for [her] opioid medication." (ECF No. 15-1 at 14.) The record shows that the plaintiff took Percocet—an opioid pain medication—for her back pain, and the plaintiff testified that her medication made her drowsy. (Tr. 39, 496.) ALJ McKenna considered the plaintiff's medications and their side effects, and opined that the "medications are not unusual for either type or dosage, and they appear to have been effective and with few adverse side effects." (Tr. 18.) The plaintiff does not cite any evidence of significant side effects, or the side effects' impact on her ability to work. Accordingly, I find that the ALJ properly considered the side effects of the plaintiff's medications.

## CONCLUSION

For these reasons, this case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                s/Ann M. Donnelly
                _____
                ANN M. DONNELLY
                United States District Judge

Dated: Brooklyn, New York
     March 22, 2022

9